**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**WILLIAM MCGURGAN,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 2:20-CV-00140**

**OFFICER R.K. MARKS, *ET AL.*,**

　　　　**Defendants.**

**AND**

**WILLIAM MCGURGAN,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 2:20-CV-00144**

**MRS. LEAH MACIA,**

　　　　**Defendant.**

**AND**

**WILLIAM M. MCGURGAN,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 2:20-CV-00157**

**MISS LEAH P. MACIA,**

　　　　**Defendant.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

Pending are Plaintiff's ***<u>Applications to Proceed Without Prepayment of Fees and Costs</u>***,

filed on February 19, 2020 in civil action number 2:20-cv-00140 (ECF No. 1) and February 21,

2020 in civil action number 2:20-cv-00144 (ECF No. 1).[1] By Administrative Order entered on February 20, 2020, civil action number 2:20-cv-00140 was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3)[2] Having examined Plaintiff's Complaints in each of these matters[3], the undersigned concludes that all three cases must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.

## Procedural History

On February 19, 2020, Plaintiff acting *pro se*,[4] filed his first Complaint against Defendants Officer R.K. Marks and the Charleston Police Department (hereinafter referred to as "Officer Marks"). (ECF No. 2, case number 2:20-cv-00140) On February 21, 2020, Plaintiff filed a subsequent Complaint against Defendant Mrs. Leah Macia, Plaintiff's public defender (hereinafter referred to as "Macia") (ECF No. 2, case number 2:20-cv-00144). On February 28, 2020, Plaintiff filed another Complaint against Defendant Miss Leah P. Macia (ECF No. 1, case number 2:20-cv-00157).

## Plaintiff's Factual Allegations[5]

These cases concern an incident occurring on December 24, 2019, when Officer Marks

---

[1] Plaintiff did not file an Application to Proceed Without Prepayment of Costs in civil action number 2:20-cv-00157, however, he did submit an Authorization to Release Institutional Account Information and to Pay Filing Fee (ECF No. 2).

[2] The other two civil actions (case numbers 2:20-cv-00144 and 2:20-cv-00157) were transferred to the undersigned on March 27, 2020.

[3] ECF No. 2 in civil action numbers 2:20-cv-00140, -144 and ECF No. 1 in civil action number 2:20-cv-00157.

[4] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[5] The undersigned addresses Plaintiff's allegations from each complaint *in toto*, given that they all concern the same underlying facts and are intertwined to the extent that they cannot be reasonably separated.

stopped Plaintiff for DUI, resulting in a parole revocation proceeding ostensibly in Kanawha County, West Virginia; Macia was presumably appointed as Plaintiff's public defender in the proceeding.

With regard to Officer Marks of the Charleston Police Department, Plaintiff alleges he "denied [Plaintiff's] 5th Amendment constitutional right to remain silent ([Miranda] rights)" on December 24, 2019.

Regarding Macia, Plaintiff asserts she violated his constitutional rights for ineffective assistance of counsel by: failing to cross-examine Officer Marks and his police report; failing to obtain the breathalyzer results; failing to obtain Officer Marks's body cam which would have shown that Plaintiff was parked when Officer Marks arrived at McDonald's and that Plaintiff was walking into the restaurant when Officer Marks approached him; failing to "clear" through security to allow Plaintiff's witness, Clifford Edwards, to "testify to his parole panel"; failing to obtain bail or bond for Plaintiff; and failing to call another witness for Plaintiff, Felica McCoy, because of "her lifestyle". Plaintiff further alleges that Macia "disregarded" State statute and case law "because a parolee cannot be revoked without a conviction, and Plaintiff has not been convicted of any criminal offense"; that Macia and the parole board were wrong to go forward with Plaintiff's parole revocation hearing before the "pending DUI case was completed"; that Macia refused to find out the name of the individual who called 911 when this information is easily discovered and this failure violated Plaintiff's rights to obtain evidence in his defense and to confront his accuser; that Macia also failed to enforce Plaintiff's 5th Amendment rights when Officer Marks failed to inform him of his 5th Amendment (Miranda) rights; that Macia and "counselor Holdroob" did not obtain any evidence that proves Plaintiff was not guilty of DUI; and that Macia did not file a motion to dismiss.

Plaintiff asks for judgment against Macia in the sum of $5.5 million, and that she be "removed from the public defenders office and not permitted to work another civil services job". Plaintiff also asks to be appointed new counsel who is not from the public defender's office, a new DUI hearing, that his parole revocation conviction be overturned as well as a new parole revocation hearing.[6]

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to pro se Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow pro se plaintiffs reasonable opportunity to develop pleadings); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (Pro se plaintiff should be given an opportunity to particularize potentially

---

[6] Plaintiff does not specify any relief sought against Officer Marks.

4

viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[7], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

### Section 1983 Claims

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of

---

[7] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff basically alleges that Macia, his public defender, violated his constitutional rights by providing ineffective assistance of counsel. Pursuant to the aforementioned jurisprudence, the undersigned finds that Macia is not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Additionally, there is no allegation or indication that Macia was acting under the color of state law or had a contract with the State. See West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998)(A private entity that contracts with the State to provide medical services acts "under color of state law."); also see Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W.Va. Sept. 27, 2007). Based on the foregoing, the

undersigned finds that Plaintiff cannot pursue a Section 1983 claim against Macia.

**State Proceedings**

Plaintiff has explicitly stated his DUI matter has yet to be completed, therefore, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984). The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the Younger abstention doctrine applies in the instant case, as there is no indication in any of Plaintiff's Complaints that the matters in Kanawha County, West Virginia have concluded.

On another note, Plaintiff also challenges the validity of his conviction stemming from the parole revocation proceedings, insofar as he complains his public defender failed to obtain witnesses and other evidence in his defense or to confront his accusers. Given the nature of Plaintiff's allegations, Plaintiff is implying that his revocation is invalid as a result of various constitutional violations during the State criminal proceedings. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003) (holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff's recent revocation has not been overturned or declared invalid, the undersigned, therefore, finds that Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims against Defendant Officer Marks be dismissed.

Moreover, Plaintiff does not indicate that he has been successful in *habeas* proceedings or that he even initiated such a proceeding with respect to Macia. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction or revocation has been invalidated, Plaintiff's Section 1983 claim against Macia is also not cognizable pursuant to Heck.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's ***Applications to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1 in case number 2:20-cv-00140; ECF No. 1 in case number 2:20-cv-144), **DISMISS** Plaintiff's Complaints (ECF No. 2 in case number 2:20-cv-00140; ECF No. 2 in case number 2:20-cv-00144; ECF No. 1 in case number 2:20-cv-00157) and remove these matters from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: March 31, 2020.

Omar J. Aboulhosn
United States Magistrate Judge